IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMERA BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 21-CV-0126-GKF-CDL |
| ) | |
| GREGORY P. BRESLIN, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Respondent Gregory Breslin's motion [Dkt. 20] to dismiss Petitioner Tammera Baker's amended petition for writ of habeas corpus [Dkt. 17]. Baker did not file a response to the motion or seek additional time to do so. Having considered Baker's allegations in the amended petition and Breslin's arguments in his supporting brief [Dkt. 21], the Court grants Breslin's motion, and dismisses the amended petition, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

**I.     Background**

Baker brings this action to challenge her custody under the judgment entered against her in the District Court of Delaware County, Case No. CF-2017-157. [Dkt. 17, at 1.] On May 31, 2018, Baker pleaded guilty to one count of first-degree manslaughter, in violation of Okla. Stat. tit. 21, § 711. [Dkt. 21-1, at 1]. The trial court sentenced Baker to serve 30 years' imprisonment with all but the first 20 years suspended. [Dkt. 21-1, at 1.] Baker moved to withdraw her plea, the trial court denied that motion, and Baker filed a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). [Dkt. 21-8, at 2.] The OCCA affirmed Baker's judgment and sentence

on June 27, 2019. [Dkt. 21-8, at 1-6.] Baker did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court.[1]

On February 22, 2019, while the certiorari appeal was pending in the OCCA, Baker filed a motion for judicial review and sentence modification, pursuant to Okla. Stat. tit. 22, § 982a, in state district court. [Dkt. 21-3, at 1.] Over the State's objection, the state district court granted Baker's motion on August 7, 2019, and modified her sentence to a term of 30 years' imprisonment with all but the first ten years suspended. [Dkt. 21-4, at 1.] Several months later, on January 6, 2020, Baker filed a second motion for judicial review and sentence modification, pursuant to Okla. Stat. tit. 22, § 982a, asking the state district court to suspend the remaining balance of her prison sentence upon her completion of an intensive treatment program. [Dkt. 21-5, at 1-2.] The state district court denied this motion on January 31, 2020. [Dkt. 21-6, at 1.]

Nearly nine months later, on October 21, 2020, Baker filed an application for postconviction relief in state district court. [Dkt. 21-7, at 1.] Baker primarily sought relief, under

---

[1] Baker indicates, by checking a box on the court-approved form she used to file her amended petition, that she filed a petition for writ of certiorari in the United States Supreme Court and that it was denied. [Dkt. 17, at 3.] Baker provides no relevant date and no case or docket number, and the Court takes judicial notice that the state court docket sheets relevant to Baker's underlying criminal case and certiorari appeal in the OCCA (available online through the Oklahoma State Courts Network, https://www.oscn.net) do not show that she filed a petition for writ of certiorari in the United States Supreme Court after the OCCA denied her certiorari appeal. Further, Breslin's brief, which details Baker's appellate and postconviction filings, do not indicate that Baker filed a petition for writ of certiorari in the United States Supreme Court. [Dkt. 21, generally.] Finally, Baker indicates in the amended petition that she filed an "appeal" from her judgment of conviction at the Delaware County Court House raising the *McGirt* claim and a claim of ineffective assistance of counsel. [Dkt. 17, at 2.] But this "appeal" seems to refer to Baker's application for postconviction relief [Dkt. 21-7] that she filed in October 2021, not the state certiorari appeal she filed in the OCCA to challenge her judgment and sentence. Under these circumstances, the Court finds Baker's statement that she filed a petition for writ of certiorari most likely refers to the state certiorari appeal that she filed in the OCCA, not a petition for writ of certiorari that she filed in the United States Supreme Court.

the reasoning of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (July 9, 2020),² on the ground that because she is Native American and committed her crime in Indian country, the State of Oklahoma lacked jurisdiction to prosecute her.³ [Dkt. 21-7, at 1-4.] The state district court denied relief, Baker filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief on July 8, 2021. [Dkt. 21-8, at 1-6.]

On February 22, 2021, while her postconviction appeal was pending in the OCCA, Baker filed a petition for writ of habeas corpus [Dkt. 1] in the United States District Court for the Eastern District of Oklahoma. That court transferred the habeas action to this Court on March 22, 2021. [Dkts. 7, 8.] With leave of Court, Baker filed an amended petition for writ of habeas corpus [Dkt. 17] on September 15, 2021. The amended petition raises only one claim: that Baker is entitled to federal habeas relief, in light of *McGirt*, because she is Native American and the State lacked jurisdiction to prosecute her for a crime she committed in Indian country. [Dkt. 17, at 5, 13.]⁴

**II.     Legal standards**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner generally has one year from "the date on which [her] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a 28 U.S.C. § 2254 petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A). In some

---

² In *McGirt*, the Supreme Court determined that Congress did not disestablish the historical boundaries of the Muscogee (Creek) Nation Reservation, that the land within those boundaries is thus "Indian country" as defined in 18 U.S.C. § 1151(a), and that, as a result, federal law requires that certain crimes committed by or against Native Americans within the boundaries of that reservation be prosecuted in federal court. 140 S. Ct. 2462-68, 2479.

³ Baker asserted other claims in the application for postconviction relief, but none is relevant to the Court's consideration of Breslin's dismissal motion.

⁴ Baker raised this same claim in the original petition.

circumstances, a prisoner's one-year limitation period may commence on a later date under 28 U.S.C. § 2244(d)(1)(B), (C) or (D). In all cases, the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To obtain the benefit of statutory tolling, the habeas petitioner must file the application for state postconviction relief or other collateral review in accordance with applicable state filing requirements, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and before the petitioner's one-year limitation period expires, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Because the AEDPA's statute of limitations is not jurisdictional, federal courts have discretion to toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 649-50 (2010). To obtain equitable tolling, a habeas petitioner must identify specific facts showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (noting that petitioner "bears a strong burden" to identify specific facts supporting the existence of extraordinary circumstances and due diligence). Equitable tolling is considered "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).[5]

---

[5] A court also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But this equitable exception "applies to a severely confined category" of cases, namely, "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 395 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Baker does not seek application of this exception and nothing in the record suggests that it would apply.

**III.     Analysis**

Breslin contends (1) the amended petition is untimely under 28 U.S.C. § 2244(d)(1)(A), even with the benefit of statutory tolling, (2) Baker has not demonstrated that her one-year limitation period commenced at a later date under any other provision of § 2244(d)(1), and (3) Baker has not shown that the one-year limitation should be tolled for equitable reasons. [Dkt. 21, at 3-8.]  As previously stated, Baker did not file a response to the dismissal motion.  However, in the section of the amended petition that asks for an explanation of whether the amended petition is timely, Baker asserts, "I was not aware that I could file post-conviction relief and the *McGirt* ruling just passed." [Dkt. 17, at 13.]  In addition, Baker notes that her sentence was modified in August 2019. [Dkt. 17, at 13.]  For the following reasons, and even giving Baker the benefit of liberal construction granted to *pro se* litigants,[6] the Court agrees with all three of Breslin's contentions.

**A.     Baker's amended petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

The most common commencement date of a state prisoner's one-year limitation period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Applying that provision here, the amended petition is untimely.  The OCCA affirmed Baker's judgment on June 27, 2019.  Thereafter, Baker had 90 days, or until September 25, 2019, to seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13.1.  Because the record does not show that Baker filed a petition

---

[6] Courts must liberally construe *pro se* pleadings but are neither required nor permitted to act as the litigant's advocate by searching the record for facts or constructing arguments on the litigant's behalf.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

for writ of certiorari in the United States Supreme Court, her judgment became final on September 25, 2019, and her one-year limitation period began to run on September 26, 2019.[7] *Gonzalez*, 565 U.S. at 150; *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Absent statutory tolling, the limitation period would have expired on September 26, 2020. *Harris*, 642 F.3d at 906 n.6.

However, on January 6, 2020, after 102 days of the one-year limitation period passed, Baker filed her second motion for judicial review and sentencing modification. The state district court denied it on January 31, 2020. Baker is thus entitled to 26 days of statutory tolling and, when the limitation period began to run again on February 1, 2020, she had 263 days or until October 20, 2020, to file a timely federal habeas petition challenging her state-court judgment. But she did not file her amended petition (Dkt. 1) until February 22, 2021,[8] over four months after her limitation period expired. And, as Breslin contends, Baker is not entitled to statutory tolling for the time her application for postconviction relief was pending in state court because she did not file that

---

[7] The import of Baker's reference in the amended petition to her August 2019 sentencing modification is unclear. [Dkt. 17, at 13.] To the extent she suggests her one-year limitation period was tolled while her first motion for judicial review and sentencing modification was pending, she is mistaken. That motion was filed on February 22, 2019, and granted on August 7, 2019. That motion had no tolling effect under § 2244(d)(2) because it was no longer pending when Baker's one-year limitation period started on September 26, 2019. *See Robinson v. Whitten*, No. 20-CV-0086-GKF-CDL, 2020 WL 7409596, at *7 (N.D. Okla. Dec. 17, 2020) (unpublished) (concluding that application for postconviction relief filed before one-year limitation period commenced but still pending when period commenced had no tolling effect until the first day of the limitation period); *Vickers v. Bear*, No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (unpublished) (noting that postconviction application filed before conviction was final "had no tolling effect until ... the first day of the statutory year").

[8] Because Baker's amended petition raises the same *McGirt* claim she asserted in the original petition, the Court deems the amended petition filed on February 22, 2021, under the relation-back doctrine. Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

application until October 21, 2020, one day after her one-year limitation period expired. *Clark*, 468 F.3d at 714. As a result, the amended petition is untimely under § 2244(d)(1)(A).

        B.        **Baker has not demonstrated that a later commencement date applies.**

In some cases a petitioner can show that her one-year limitation period began on a date later than the date her judgment became final. Specifically, § 2244(d)(1) provides that the limitation period could begin on the latest of:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

But Baker does not suggest that any of these provisions apply. As previously discussed, in the section of the amended petition inquiring as to the timeliness of the petition Baker alleges she did not know she could seek postconviction relief, "the *McGirt* ruling just passed," and her sentence was modified in 2019. [Dkt. 17, at 13.] Even liberally construing the amended petition, the Court does not read these allegations as suggesting, much less showing, that Baker's one-year limitation period was triggered by any of the events described § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D).

Breslin, however, generously reads Baker's references to "the *McGirt* ruling" as her attempt to suggest that § 2244(d)(1)(C) provides her a later commencement date of July 9, 2020, the date that *McGirt* was decided. [Dkt. 21, at 4-5.] Even assuming Baker invokes this provision, the Court agrees with Breslin that § 2244(d)(1)(C) does not apply. Critically, each federal district court in Oklahoma has previously concluded that this provision does not provide habeas petitioners one year from July 9, 2020, to file a timely federal habeas petition because the *McGirt* Court did

7

not recognize any new constitutional right when it determined that Congress took no action to disestablish the Muscogee (Creek) Nation Reservation. *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (unpublished); *Littlejohn v. Crow*, No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (unpublished); *Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *6-7 (N.D. Okla. Oct. 22, 2020) (unpublished).[9]

Thus, even generously construing the petition, Baker has not shown that her one-year limitation period commenced on any date later than the date her conviction became final.

### C.   Baker has not demonstrated any basis for equitable tolling.

As previously discussed, a federal habeas court may toll the one-year limitation for equitable reasons, but this remedy is generally reserved for "unusual circumstances." *Yang*, 525 F.3d at 929. And it is the petitioner's burden to identify specific facts showing that she diligently pursued her rights and that extraordinary circumstances, i.e., circumstances beyond her control, prevented her from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649; *Yang*, 525 F.3d at 928. Even with the benefit of liberal construction, Baker's allegations in the amended petition do not satisfy that burden. The Court thus finds no basis in the record to support equitable tolling of the one-year limitation period.

## IV.   Conclusion

In sum, the amended petition is untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling, Baker has not shown that any other provision of § 2244(d)(1) provided a later

---

[9] The Court cites these unpublished decisions, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

commencement date for her one-year limitation period, and Baker has not shown that the one-year limitation period should be tolled for equitable reasons. The Court therefore grants Breslin's motion and dismisses the amended petition, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

The Court further concludes, on the record presented, that reasonable jurists would not debate the correctness of the procedural dismissal of the amended petition or debate whether the sole claim asserted therein makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Breslin's motion to dismiss [Dkt. 20] is **granted**.

2. The amended petition for writ of habeas corpus [Dkt. 17] is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 27th day of April 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE